Lawrence, J.
When this case was last before the general term, it was held that the counterclaim interposed by the defendant could not be sustained, because the contract between the parties prevented the defendant from alleging *41 it. Our examination of the case leads us to the conclusion that no error was committed upon the trial. The defendant contracted to pay upon the European weight return, and having paid the amount of the invoice in accordance with such contract, it is estopped from questioning that return, there being no evidence of any fraud on the part of the plaintiff in the transaction. See Plumb v. Cattaraugus Co. Mutual Ins. Co., 18 N. Y., 393, 394; Heller v. Allentown Manufacturing Co., 39 Hun, 547.
The result in this case is a harsh one for the defendants; but there is no reason on that ground for undertaking to alter the plain provisions of the contract between the parties, or for attempting to make a new contract for them. We do not regard the case of Parker v. Piers (29 Fed. Rep., 300), as in point, for the reason that in that case the party sought to be held did not bind himself to take the goods upon the measurement or weight of another party. In this case the terms were cash against German analysis and European weight return, on delivery of goods ex vessel at New York. Both parties, so far as the case discloses, acted here in good faith, and we therefore think the learned justice below was right in holding the defendants to the strict letter of "their contract, there being no pretense, so far as we can discover, that the bill rendered by the plaintiffs was not in accordance with the “ German analysis and European weight return.”
The judgment appealed from must therefore be affirmed, with costs.